IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERISTAR CASINO EAST CHICAGO, LLC, MICHAEL PEGORARO, JAMES MALECKY, LISA JUNG and MONIR DAVID, <br><br> Plaintiffs, <br><br> v. <br><br> UNITE HERE LOCAL 1, <br><br> Defendant. | Case No. |

## COMPLAINT

Now come Plaintiffs, Ameristar Casino East Chicago, LLC ("Ameristar") and Michael Pegoraro ("Pegoraro"), James Malecky ("Malecky"), Lisa Jung ("Jung") and Monir David ("David"), by their attorneys, and for their cause of action against Defendant, UNITE HERE Local 1 ("Defendant"), state as follows:

### JURISDICTION AND VENUE

1. This action arises under Section 303 of the Labor Management Relations Act of 1947, 29 U.S.C. §187 (hereinafter referred to as the "Act" or the "LMRA"). Jurisdiction is conferred upon this Court by Section 303(b) of the Act and by 28 U.S.C. §1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant is a resident in this District.

### PARTIES

3. Plaintiff Ameristar is a limited liability company organized under the laws of the State of Indiana with its principal place of business in Lake County, Indiana. Ameristar operates a gaming casino, restaurants, and hotel at its East Chicago, Indiana property. Approximately

1300 Ameristar team members are employed at the East Chicago casino, hotel, and restaurants. Plaintiff is engaged in an industry affecting commerce within the meaning of Section 2 of the National Labor Relations Act, 29 U.S.C. §152 and Section 301 of the Act.

4. Plaintiff Pegoraro is an individual described by UNITE HERE Local 1 as a regular customer of Ameristar. He resides in Homer Glen, Illinois.

5. Plaintiff Malecky is also an individual described by UNITE HERE Local 1 as a regular customer of Ameristar. He resides in Frankfort, Illinois.

6. Plaintiff Jung is a resident of Cook County, Illinois and is an individual described by UNITE HERE Local 1 as a regular customer of Ameristar.

7. Plaintiff David is also an individual described by UNITE HERE Local 1 as a regular customer of Ameristar. He resides in Rolling Meadows, Illinois.

8. UNITE HERE is a labor organization as that term is defined in Section 2(5) of the Labor Management Relations Act, 29 U.S.C. §152(5), with its principal office located in Chicago, Illinois. Defendant serves as the exclusive bargaining representative of approximately 200 of Ameristar's employees.

## FACTS COMMON TO ALL ALLEGATIONS

9. Ameristar operates the Ameristar Casino and Hotel in East Chicago, Indiana. The casino has 56,000 square feet of gaming space, and offers slots, video poker machines, approximately 65 table games and a baccarat room. Ameristar's property also includes a 288-room hotel and 5 restaurants. Ameristar competes with a number of other casinos in Northwest Indiana and the Chicagoland area.

10. Gambling status, like personal health and financial status, is highly sensitive information, disclosure of which could cause serious harm because it not only reveals information regarding the person's lifestyle but also their personal financial information.

11. In March 2015 UNITE HERE began a boycott against Ameristar in response to a primary labor dispute between Ameristar and Defendant. The boycott efforts have included demonstrations near Ameristar's entrance, distribution of leaflets to Ameristar's customers in Ameristar's parking garage, and distribution of boycott posters to local businesses.

12. Beginning in the first week of April 2015 and continuing to date, Ameristar has received multiple complaints that UNITE HERE is soliciting Ameristar's customers who are neutral parties to the primary dispute between Ameristar and Defendant to boycott Ameristar by letters and telephone calls to their homes and personal cell phones. In at least one instance, a customer has informed Ameristar that he was called on his personal cell phone at approximately 11:00 p.m. by someone asking him to stop gaming at Ameristar.

13. Beginning on or about March 1, 2016 and continuing, Defendant began distributing leaflets to the private residences of customers of Ameristar, including the residences of Plaintiffs Pegoraro and David, and to the private residences of the neighbors of said customers. The leaflets identify the customer by name, label them as regulars, and ask the neighbors to join Defendant's boycott of Ameristar. Customers of Ameristar have requested that Defendant cease distributing said leaflets, cease sending letters to their homes and cease calling them on their home or cell phones. Defendant has refused to do so.

14. During March 2016, Defendant placed leaflets at the private residences of Pegoraro's neighbors who reside within a distance of one block of him. Said leaflets identified

Pegoraro and his wife by name, and indicated that they were regular customers of Ameristar who did not support Defendant's boycott.

15. As a result of Defendant's actions, Pegoraro's reputation in his neighborhood has been diminished, with some neighbors asking him and his family members if he has a gambling problem. One of Pegoraro's neighbors is also a customer of Pegoraro's business, but has ceased doing business with Pegoraro since the leafletting commenced.

16. In early May 2016, Defendant distributed leaflets at the home of Pegoraro's daughter and at private residences in the vicinity of his daughter's home. Said leaflets indicate that Pegoraro is a regular customer of Ameristar who does not support Defendant's boycott of Ameristar.

17. The distribution of leaflets to neighbors of Ameristar customers and to neighbors of customers' family members was not an effort to communicate Defendant's primary dispute with Ameristar but rather was intended to harass and embarrass the customers and their families. Such intrusion would be offensive to a reasonable person.

18. Plaintiff Malecky is the owner of an establishment called the Rockin' Horse in Oak Forest, Illinois. Defendant distributed leaflets identifying Malecky as a regular customer of Ameristar at the office of the current mayor of Oak Forest and also at the home of a village alderman. In addition, on at least one occasion, representatives of the Defendant entered the Rockin' Horse and attempted to solicit customers of the Rockin' Horse to support the boycott of Ameristar.

19. Plaintiff Lisa Jung is the owner of a restaurant in Orland Park, Illinois. In April 2016, representatives of Defendant entered the restaurant at dinner time and began distributing leaflets to the patrons of the restaurant. The leaflets identified Jung by name, indicated that she

was a regular customer of Ameristar and stated that she did not support Defendant's boycott. Defendant's representatives refused to leave the premises until Jung threatened to call the police. In May 2016, representatives of Defendant positioned themselves outside the entrance to the restaurant, approached patrons of the restaurant and distributed leaflets to the patrons. As before, the leaflets identified Jung as a regular customer of Ameristar who did not support Defendant's boycott. Defendant's representatives refused to cease their activities until ordered to do so by the Orland Park police.

20. Upon information and belief, Defendant has engaged in tactics designed to disrupt the businesses owned by customers of Ameristar. On one occasion, representatives of Defendant entered a business in Chicago owned by an Ameristar customer and told the employees that the business owner could not give the employees raises since the owner was a "big gambler." In May 2016, representatives of Defendant called the private residence of the business owner's brother and encouraged the brother to convince the business owner to support Defendant's boycott.

21. Defendant's actions as alleged in Paragraphs 12 through 20 occurred at great distances from any Ameristar facility and were intended to harass, embarrass and intimidate the customers of Ameristar.

## COUNT I.
## VIOLATION OF §303

22. Plaintiffs incorporate the allegations in Paragraphs 1 through 21 as though fully stated herein.

23. By the actions set forth above, Defendant, acting by and through its agents, officers and representatives, threatened, coerced and restrained customers of Ameristar, with the object of forcing said customers to cease doing business with Ameristar, all of which activity is

an unfair labor practice under Section 8(b)(4) of the Act and is in violation of Section 303(a) of the Act.

24. By the actions set forth above, Defendant has also threatened, coerced and restrained individuals and entities with business relationships with customers of Ameristar, with the object of forcing said individuals and entities from doing business with customers of Ameristar, all of which activity is an unfair labor practice under Section 8(b)(4) of the Act and is in violation of Section 303(a) of the Act.

25. As a direct result of the foregoing illegal and unlawful acts and conduct of the Defendant, Plaintiffs have thereby suffered great damage and injury to their business and property, including the loss of customers and goodwill, loss of profits during said illegal and unlawful acts, and the permanent loss of customers to competitors.

WHEREFORE, Ameristar demands judgment against Defendant in the sum of Two Hundred Thousand Dollars ($200,000.00), and Plaintiffs Pegoraro, Malecky, Jung and David each demand judgment against Defendant in the amount of Fifty Thousand Dollars ($50,000), together with such further relief as this Court may deem appropriate, with interest to the date of judgment, and for costs and attorneys' fees of this proceeding.

## COUNT II.
## INVASION OF PRIVACY

26. Plaintiffs Pegoraro, Malecky, Jung and David incorporate the allegations in Paragraphs 1 through 25 as though fully stated herein.

27. Pegoraro, Malecky, Jung and David bring their claim for invasion of privacy under Illinois state law. The Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. §1367.

28. As a result of Defendant's actions, Plaintiffs, Pegoraro, Malecky, Jung and David have been harmed and are entitled to recover damages from Defendant.

WHEREFORE, Plaintiffs Pegoraro, Malecky, Jung and David pray for:

1) Injunctive relief to prevent further leafletting or contact of them, their neighbors, their family members, their family members' neighbors or their customers by Defendant;

2) Compensatory damages for harm to reputation and lost business profits;

3) Attorneys' fees and costs for this action; and

4) Such other further relief as this Court deems proper.

AMERISTAR CASINO EAST
CHICAGO, LLC, MICHAEL PEGORARO,
JAMES MALECKY, LISA JUNG AND
MONIR DAVID

By: /s/ M.G. Brittain Jr.

One of Their Attorneys

Max G. Brittain Jr.
Henry W. Sledz Jr.
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
312.258.5500
Firm ID #90219

Dated: May 19, 2016

CH2\18227495.5

- 7 -